IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT L. JOHNSON,

    PETITIONER,

v.                                   CASE NO.: CV-05-J-1665-S

GRANT CULLIVER, Warden, et al.,

    RESPONDENTS.

### **MEMORANDUM OPINION**

Petitioner, Robert L. Johnson, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of the sentence imposed after his plea of guilty on October 25, 1991 in the District Court of Jefferson County to two counts of theft of robbery 2nd degree. The petitioner received a fifteen year sentence. An Order to Show Cause was issued to respondents (doc. 5) and respondents thereafter filed an answer and exhibits (doc. 6). On November 21, 2005, the petitioner was given twenty days to file an opposition to the respondents' answer (doc. 7). The court has received no such opposition to date.

On October 25, 1991, the petitioner was adjudged guilty of second degree theft of property based on his plea of guilty. The petitioner was sentenced to fifteen years in prison, under the state habitual offender laws. *See* Exhibit A to respondents' answer. This sentence was split. According to the Memorandum Opinion entered by the Alabama Court of Criminal Appeals, the petitioner was ordered to serve two years imprisonment followed by four years probation. *See Johnson v. Alabama*, CR- 03-

1433 (unpublished).  On July 9, 1996, his probation was terminated.  See Exhibit A to respondents' answer.  The petitioner is no longer incarcerated due to the sentence he challenges.  Rather, his current incarceration status is for a subsequent conviction for first degree robbery.

The 1991 conviction and sentence were not appealed.  Rather, twelve years later, petitioner filed a Rule 32 petition asserting various grounds of ineffective assistance of counsel and various arguments as to why his admission of four prior convictions should not have been used to enhance his sentence under the Habitual Offender Felony Act, including an argument that because he believed these priors to all have been given youthful offense status, his plea was not voluntary.  After the state court appointed counsel to represent the petitioner and held a hearing, the court denied the Rule 32 petition.

The petitioner appealed this denial to the Alabama Court of Criminal Appeals.  The appellate court noted that the petitioner did not pursue the issue of the voluntariness of his guilty plea and thus deemed the same abandoned.  On October 22, 2004, the Court of Appeals found all of the petitioner's ineffective assistance of counsel claims to be time barred.  It further found that the petitioner's argument concerning cases in which he was granted youthful offender status being used to increase his sentence in the conviction in question to be without merit, as petitioner was denied youthful offender status in the prior convictions in question.  The Criminal Court of Appeals therefore affirmed the trial court's denial of the

petitioner's Rule 32 petition. An application for rehearing was subsequently denied. The petitioner's Petition for Writ of Certiorari was later denied on February 11, 2005.

Petitioner filed this petition on May 20, 2005. The respondent argues, inter alia, that the petition is barred by 28 U.S.C. § 2244(d).

> The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

*Pace v. DiGuglielmo,* 544 U.S. 408, 410, 125 S.Ct. 1807, 1810 (U.S.2005). The petitioner's conviction was entered on October 25, 1991. However, the AEDPA was not enacted until 1996. In applying the AEDPA in a similar case, the Eleventh Circuit Court of Appeals held:

> In *Goodman,* this Court determined that federal prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, "must be given a reasonable time after the enactment of § 105's one-year 'period of limitation' to file their § 2255 motions, and, under these circumstances, a reasonable period is until April 24, 1997, one year from the date of enactment of § 105 of the AEDPA." *Id.* at 1337.

*Wilcox v. Florida Dept. of Corrections,* 158 F.3d 1209, 1211 (11th Cir.1998). The Eleventh Circuit later elaborated that:

3

> For situations in which a defendant's conviction became final before the April 24, 1996 effective date of AEDPA, however, this court has ruled that the limitations period begins running on the statute's effective date, rather than on the final conviction date indicated by applying § 2244(d)(1)(A). *See Wilcox v. Florida Dep't of Corrections,* 158 F.3d 1209, 1211 n. 4 (11th Cir.1998) (citing *Goodman v. United States,* 151 F.3d 1335, 1337 (11th Cir.1998)). Applying this rule extends Webster's deadline to April 23, 1997, but still does not save his October 30 petition.

*Webster v. Moore,* 199 F.3d 1256, 1257 (11th Cir.2000). The petitioner therefore had until April 23, 1997 to file a habeas petition under § 2254.

Petitioner's subsequent filing of a Rule 32 petition cannot revive the filing deadline of April 23, 1997, in this court. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (a state court petition filed following the expiration of the federal limitations period cannot toll that period because there is no period left to be tolled).

The court finds the statute of limitations found in 28 U.S.C. § 2244 dispositive of this petition. The petition for writ of habeas corpus shall be denied by separate Order.

**DONE** this the 27th day of June, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE